The STATE of Ohio, Appellee,

v.

WARD, Appellant.

[Cite as *State v. Ward* (1990), 67 Ohio App.3d 438.]

Court of Appeals of Ohio,
Defiance County.

No. 4–88–23.

Decided April 20, 1990.

*John Hanna,* Special Prosecuting Attorney, for appellee.

*John Goldenetz,* for appellant.

SHAW, Presiding Judge.

Defendant, Sheila Wilder Ward, appeals from a judgment of conviction and sentence entered in the Court of Common Pleas of Defiance County upon her plea of no contest to the charge of grand theft, a violation of R.C. 2913.02. Defendant was indicted for the instant offense as a result of shoplifting a cordless telephone at a Defiance County department store and her two prior convictions of theft offenses. Defendant assigns one error to the judgment as follows:

"The trial court abused his discretion and thus committed prejudicial error in sustaining the state's motion in limine and holding the defendant's evidence inadmissible."

During the discovery phase of this case, the trial court, pursuant to the state's motion *in limine,* made an initial ruling that evidence of defendant's diabetic condition would not be admitted at trial. Upon defendant's proffer of the evidence, the trial court reaffirmed its conclusion that evidence of defendant's diabetic condition was inadmissible.

Evid.R. 401 defines relevant evidence as follows:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

We have reviewed the proffer of evidence made by defendant regarding her diabetic condition. The proffer showed that the testimony of a medical witness, Dr. Peter Leonardson, would have confirmed the existence of defendant's diabetic condition. Dr. Leonardson's testimony would also have estab-

lished that on prior occasions, during diabetic related hypoglycemic reactions, defendant has exhibited symptoms of confusion and disorientation and that it was conceivable that defendant would commit a theft during a hypoglycemic reaction. However, Dr. Leonardson did not treat defendant at or near the time of the offense and therefore could not offer any testimony regarding defendant's medical condition at the time of the commission of the offense.

There was also a proffer that several lay witnesses familiar with defendant's condition would testify as to her confused and disoriented state during hypoglycemic reactions. However, only one of these witnesses, Jeanine Kitchenmaster, observed defendant at or near the time of the instant offense. Kitchenmaster's testimony would have been that, on the occasion of the instant offense, defendant did not exhibit the symptoms of hypoglycemia as had been previously observed by Kitchenmaster.

There was also a proffer of the emergency room records of Defiance Hospital which established that defendant had previously been treated for hypoglycemia and was in fact treated for the condition approximately twelve hours after the commission of the instant offense. However, defendant conceded that it would be nothing more than speculation to medically connect defendant's blood sugar level at midnight to her blood sugar level at the time of the commission of the offense.

Finally, there was a proffer of the arrest report which indicated that the defendant appeared "drunk" at the time of her arrest. Defendant argues that each item of proffered evidence tended to make her defense of "lack of intent to steal" more probable.

However, upon consideration of the proffered evidence, we find that, in the absence of a foundation to establish that defendant's diabetic condition contributed to the commission of the offense, the trial court could properly find that the proffered evidence was not relevant. Accordingly, we conclude that the trial court did not abuse its discretion in granting the motion *in limine*. The judgment of conviction and sentence is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT and MILLER, JJ., concur.